## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

Case No.: 1:21-CV-00553-DNH-CFH

R.B., individually, and on behalf
of all those similarly situated;

      Plaintiff,

v.

United Behavioral Health;

      Defendant.

_____/

### ORDER GRANTING PLAINTIFF'S
### UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
### OF CLASS ACTION SETTLEMENT

Upon preliminary review, the **Court finds the settlement is fair, reasonable, and adequate** to warrant providing notice of the settlement to the Class and accordingly it is preliminarily approved. In making this determination, the Court has considered the benefits to the Class, the specific risks faced by the Class in prevailing on Plaintiff's claims, the stage of the proceedings at which the settlement was reached, the effectiveness of the proposed method for distributing relief to the Class Members, the proposed manner of allocating benefits to Class Members, and all of the other factors required by Rule 23.   All capitalized terms used in this Proposed Order have the same meaning as set forth in the Settlement Agreement unless separately set forth.

The Court has reviewed and considered all papers filed in connection with the motion, including the Settlement Agreement, and all attached exhibits.  On the basis thereof, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

## Jurisdiction

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1).

## Preliminary Approval

The terms and conditions set forth in the Settlement Agreement place the Settlement Agreement within the range of fair and reasonable settlements, making appropriate further consideration at a hearing held pursuant to notice to the Class. The Court therefore preliminarily approves the Settlement Agreement and directs the parties to perform and satisfy the terms and conditions of the Settlement Agreement that are triggered.

## Final Fairness Hearing

A Final Fairness Hearing shall be held on Wednesday, May 28, 2025, at 1:00pm by telephone conference call at the U.S. District Court, Northern District of New York, Alexander Pirnie Federal Bldg. and U.S. Courthouse, 10 Broad Street, Utica, NY 13501, in Courtroom 330 to determine, among other things, whether: (**a**) the settlement should be approved as fair, reasonable and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (**b**) this action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (**c**) Class Members should be bound by the releases set forth in the Settlement Agreement; (**d**) the application of Class Counsel for an award of attorneys' fees, costs, and expenses should be approved pursuant to Fed. R. Civ. P.

23(h); and (**e**) the application of the Class Representatives for service awards should be approved.

The hearing shall take place 125 days or later from the date of entry of this Order.

**Claims Administrator**

The Court appoints RG/2 Claims Administration to serve as Settlement Administrator.

**Notice**

The proposed method for providing notice set forth in the Settlement Agreement and the Notice attached to the Settlement Agreement is approved. Non-material modifications to this Exhibit may be made with approval by the Parties but without further order of the Court. The Court approves the form and substance of the CAFA Notices, attached to the Settlement Agreement. The Court further finds and orders that upon mailing of the CAFA Notice to the attorneys general of the United States and the states where Class members are located (based on available information at the time such notices are sent), Defendant will have complied with the notice requirements of CAFA.

Consistent with the Settlement Agreement, Defendant and its counsel are authorized and directed to disclose agreed-upon information about Class Members to the Settlement Administrator and Class Counsel, as needed to facilitate notice to the Class and administration of the Settlement in accordance with this Order and the Settlement's terms.  Such disclosures, which may include personal health information and other information protected by HIPAA and potentially other laws (including state privacy laws), are necessary to facilitate the Settlement, and therefore good cause and a

compelling need exist for these disclosures, the interests supporting disclosure outweigh the need for greater confidentiality, and non-disclosure would be contrary to the public interest.  To the extent any provision of federal or state law requires the Parties to obtain a court order as a precondition for the disclosure of information related to or arising out of the treatment of a mental health condition, this Order satisfies that requirement.  Defendants shall designate any such material produced containing "Confidential Health Information" as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" under the Protective Order in this case (Dkt. No. 51).

The Settlement Administrator will keep confidential from all persons, except as authorized in writing by a Class member or as ordered by the Court, the Class List and all other personal health information of members of the Class, which includes names, addresses, and any other personally identifiable information that can be used on its own or combined with other information to identify, contact, or locate an individual, or to identify an individual in context.  The Settlement Administrator shall utilize Defendant's redacted patient numbers for Class Members so that it can communicate with Class members, Class Counsel, Defendant, and Defendant's counsel to the extent needed to provide the necessary reports and to facilitate settlement administration. Any permitted disclosures of Class member information under this Order or any section of the Settlement Agreement or any other order in this case shall be limited to the minimum necessary to satisfy the Settlement's requirements.  Class members who ask the Settlement Administrator for contact information for Class Counsel shall be provided such information and a form prepared by the Settlement Administrator through which the Class member can authorize the Settlement Administrator to share

his or her identity and/or PHI with Class Counsel to assist in answering questions or in

facilitating the Settlement.  Class Counsel will ensure that the Settlement Administrator

executes an agreement substantially in the form of Exhibit A to the Discovery

Confidentiality Order in the Action (Dkt. No. 51), and all permitted disclosures of Class

members' information under this Settlement shall be subject to the additional

protections governing Confidential Health Information in that order.  Within 60 days

after completion of all payments and related settlement administration by the

Settlement Administrator, the Settlement Administrator shall destroy the Class List and

any PHI related to this Settlement and provide a written certification of same to Class

Counsel and Defendant's counsel.

**<u>Findings Concerning Notice</u>**

The Court finds that the proposed form, content, and method of giving notice to

the Class as described in the Settlement Agreement and exhibits: (a) will constitute the

best practicable notice to the Class; (b) are reasonably calculated, under the

circumstances, to apprise Class Members of the pendency of the action, the terms of the

proposed settlement, and their rights under the proposed settlement, including but not

limited to their rights to object to or exclude themselves from the proposed settlement

and other rights under the terms of the Settlement Agreement; (c) are reasonable and

constitute due, adequate, and sufficient notice to all Class Members and other persons

entitled to receive notice; and (d) meet all applicable requirements of law, including

Federal Rule of Civil Procedure 23(c) and (e), and the Due Process Clause of the United

States Constitution. The Court further finds that the Notice is written in plain language,

uses simple terminology, and is designed to be readily understandable by class

members. Counsel are directed to carry out the Notice Program in conformance with the Settlement Agreement.

**Objections and Appearances**

Any class member may object to the settlement, class counsel's request for fees and expenses, and/or the request for service award payments to the named plaintiff; provided, however, that no class member shall be heard or entitled to contest such matters, unless the objection is filed with the Clerk of Court, by first class mail, at the address listed in the notice, and postmarked by no later than the objection deadline, as specified in the notice. Additionally, the objector shall serve copies of the written objection upon Class Counsel and counsel for Defendant, no later than the objection deadline, at the addresses specified in the notice.

For the objection to be considered by the Court, the objection must be in writing and include:

(a) the name or caption of this Litigation;

(b) the objector's full name, address, telephone number, and e-mail address (if any);

(c) information identifying the objector as a Class Member, including proof that the objector is a member of the Class;

(d) a written statement of all grounds for the objection, accompanied by any legal support for the objection that the objector believes is applicable;

(e) the identity of all counsel representing the objector, if any, in connection with the objection;

(f) a statement confirming whether the objector and/or the objector's counsel will appear and/or testify at the Final Fairness Hearing;

(g) a statement identifying all class action settlements objected to by the objector and his/her attorney, if applicable, in the previous 5 years; and

**(h)** the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative, if any.

Any class member who fails to comply with the provisions in this Order and/or fails to timely file and serve an objection in writing in accordance with this Order and the Settlement Agreement will waive and forfeit any and all rights they may have to object, will have their objection stricken from the record, and will lose their rights to appeal from approval of the settlement. Any such class member also shall be bound by all subsequent proceedings, orders, and judgments in this action, including but not limited to the Release set forth in the Final Approval Order and Judgment if entered.

## Claims Process

As set forth in the Settlement Agreement, Defendant shall fund a non-reversionary cash settlement fund in the total amount of $1,415,000 (the "Settlement Fund"). The Settlement Fund will be used to pay for: (1) reimbursement for attorneys' fees and costs any settlement administration expenses and costs (including any payments to the Settlement Administrator), as approved by the Court; (2) any Incentive Award to the Named Plaintiff, as approved by the Court; and (3) any Monetary Benefits to the Class Members. Defendant shall not owe any amounts beyond this Settlement Fund.  The Court preliminarily approves this Settlement Fund and the claims process set out in the Settlement Agreement.

If the Final Approval Order and Judgment is entered, all class members who qualify for any benefit under the settlement but fail to cash or deposit their distributed checks in accordance with the requirements and procedures specified in the Notice shall

be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Approval Order and Judgment.

## Release and Exclusive Remedy

Pending this Court's ruling on final approval of the Settlement Agreement, all Class Members and each of their respective heirs, executors, administrators, predecessors, successors, insurers, and assigns shall be preliminarily enjoined and barred from asserting any Released Claims (as defined in Section 1.17 of the Settlement Agreement) against all Released Persons (as defined in Section 1.18 of the Settlement Agreement).

Upon final approval of the Settlement Agreement, any relief to a Class Member under the Settlement Agreement will be the exclusive remedy for any and all Released Claims, regardless of whether a Class Member actually obtains any monetary benefit. All Class Members shall also be permanently enjoined from filing or becoming part of any action, including, without limitation, any putative class actions, filed against the Released Persons (as defined in Section 1.18 of the Settlement Agreement) or any other person or entity, and that relate to the subject matter of the instant action, insofar as those actions implicate any of the Released Claims or otherwise interfere with the Settlement Agreement or the settlement of the class action claims generally.  However, final approval does not prevent any action to enforce the terms of the Settlement Agreement or the final approval order.

## Termination of Settlement

This Order, the Settlement Agreement, the proposed settlement, and all related proceedings shall become null and void, shall have no further force or effect, and shall

be without prejudice to the rights of the parties, all of whom shall be restored to their

respective positions existing immediately before the Settlement Agreement was signed,

if: a) the settlement is not finally approved by the Court; b) the Settlement Agreement

and the proposed settlement are terminated in accordance with the applicable

provisions of the Settlement Agreement; or c) there is no Effective Date. In such event,

the settlement and Settlement Agreement shall become null and void and be of no

further force and effect, and neither the Settlement Agreement nor the Court's orders,

including this Order, relating to the settlement shall be used or referred to for any

purpose whatsoever. The Litigation shall thereupon revert forthwith to its respective

procedural and substantive status prior to the date of execution of the Settlement

Agreement and shall proceed as if the Settlement Agreement and all other related

orders and papers had not been executed.

**Use of Order**

        This Order shall be of no force or effect if the Final Approval Order and

Judgment is not entered or there is no Effective Date. Neither this Order nor the

Settlement Agreement nor any other settlement-related document nor anything

contained herein or therein or contemplated hereby or thereby nor any proceedings

undertaken in accordance with the terms set forth in the Settlement Agreement or

herein or in any other settlement-related document, shall constitute, be construed or

used as an admission, concession, or declaration by or against defendant of any fault,

wrongdoing, breach, or liability for any claim that has been or could have been asserted

against it or as to any liability by it as to any matter set forth in this Order, or as to the

propriety of class certification for any purposes other than for purposes of the current

proposed settlement. Nor shall this Order be construed or used as an admission,

concession, or declaration by or against the Named Plaintiff or any other Class Member

that his or her claims lacks merit or that the relief requested is inappropriate, improper,

or unavailable, or as a waiver by any Party of any defense or claims they may have in

this Litigation or in any other lawsuit.

## Continuance of Hearing

The Court reserves the right to adjourn or continue the Final Fairness Hearing

and related deadlines without further written notice to the class. If the Court alters any

of those dates or times, the revised dates and times shall be posted on the website

maintained by counsel. The Court may approve the Settlement, with such modifications

as may be agreed upon by the Parties, if appropriate, without further notice to the class.

## Retained Jurisdiction

The Court retains jurisdiction over this action, the Parties, and all matters

relating to the Settlement Agreement.

## Proposed Schedule and Deadlines

Plaintiff proposes the following schedule for the period leading up to the fairness

hearing at which the Court will consider whether to grant final approval to the

proposed Settlement.

| Event | Timing |
|---|---|
| Deadline to provide notice to State Attorneys General or others as required by 28 U.S.C. § 1715(b) | **10 days** after filing of the Motion for Preliminary Approval |
| Deadline for Defendant to provide addresses that Defendant is able to locate, through a reasonable, good faith search, | **30 days** after entry of this Order |

for any Class Member on the Class List
previously exchanged

| | |
|---|---|
| Notice Program Commencement | **30 days** after entry of this Order |
| Notice Program Completion | **60 days** after entry of this Order |
| Deadline for Class Counsel to file motion for attorneys' fees, costs, expenses and service awards | **14 days** before Objection Deadline |
| Objection Deadline | **45 days** after the Class Notice Commencement Date |
| Deadline for plaintiff to file motion for final approval of settlement and responses to any timely submitted class member objections, which shall include a declaration from counsel confirming execution of and compliance with its obligations in the Settlement Agreement as of the date of the declaration | **21 days** before Final Fairness Hearing |
| Final Fairness Hearing | Wednesday, May 28, 2025 at 1: 00p.m. in Courtroom 330 [125 days or later from the date of entry of this Order]. |

**SO ORDERED:**
At Utica, New York
January 17, 2025

David N. Hurd
U.S. District Judge