UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Case No.: 1:21-CV-00553-DNH-CFH

R.B., individually, and on behalf
of all those similarly situated;

    Plaintiff,

v.

United Behavioral Health;

    Defendant.
_____/

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR FINAL APPROVAL**

**JORDAN LEWIS, P.A.**
Jordan Lewis (Fl. Bar No. 97997) *
4473 N.E. 11th Avenue
Fort Lauderdale, FL  33334
Telephone: (954) 616-8995
Facsimile: (954) 206-0374
Email:  Jordan@jml-lawfirm.com

Arthur M. Stock*
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN**
800 S Gay Street - Suite 1100
Knoxville, TN 37929
215-875-5704
Fax: 215-875-4604
Email: astock@milberg.com
* Admitted *pro hac vice*

*Attorneys For Plaintiff and the Certified Class*

1

## I.  INTRODUCTION

The Brian King Objectors (hereafter, "King") bet the farm[1] that the Objectors didn't seek coverage for "residential" services.  They did, which defeats the King objection. The Court should accept the decision of 99% of the class and approve the settlement.

## II.  KING FAILED TO COMPLY WITH LOCAL RULE 7.1

Local Rule 7.1(a)1 requires that a reply brief may not exceed 10 pages. Failure to comply is fatal.[2]  King's reply is 12 pages. The Court should strike it.

## III.  KING GETS HIS FACTS WRONG

King references a "wilderness subclass" 13 times in his reply brief;[3] his arguments are premised on them.[4] The problem: There is no "wilderness subclass."

## IV.  KING WAIVED HIS ARGUMENTS

A party who fails to address an argument offered in opposition to a motion concedes it.[5] King fails to rebut three points made in plaintiffs' Motion For Final Approval, which concedes them and defeats the objection.

*First*, in plaintiffs' opening brief, they pointed out that the objectors were re-arguing a class certification decision for which the Second Circuit had denied an interlocutory

---

[1] *E.g.*, King Reply Br. (Docket Entry #135) at 7 ("Here, R.B. and United incorrectly represent that all of the Wilderness Subclass [sic] including the Objectors, submitted claims requesting coverage for residential treatment.").
[2] Local Rule 7.1(a)3 ("The Court shall not consider any papers … not in compliance with this Rule unless good cause is shown.").
[3] King Reply (Docket Entry #135) at 3, 4, 7, 10-11.
[4] *Id.* at 10 (arguing that named plaintiff R.B. doesn't have standing to represent "subclass."
[5] *Adecco USA, Inc. v. Staffworks, Inc.*, 2021 U.S. Dist. LEXIS 2639, *5 (N.D.N.Y. Jan. 7, 2021)(citing *Hanwei Guo v. Deutsche Bank Sec.*, 965 F.3d 96 (2nd Cir. 2020)).

appeal.[6]  The effect of the 2nd Circuit denial is that objectors seek an impermissible motion for reconsideration.[7] King doesn't mention the authority or propose a different result.

*Second*, in his original objection and now his reply, King doesn't mention Fed. R. Civ. P. 23(e) by name, or by its elements. Whatever is left of King's objection, it cannot include any argument based on Rule 23(e), which is waived.

*Third*, in plaintiffs' brief supporting final approval, they noted that eight of King's objectors specifically disclaimed standing and thus couldn't object, and that four others were the *parents* of adult class members and thus weren't class members either.[8] That left *four* actual objecting class members out of the 16 persons for whom King invoked federal jurisdiction: E.L., B.P., D.R. and J.S.[9] King *didn't voice a single word* of objection to this analysis in either his attorney-appointment motion or his reply brief, which concedes that plaintiffs' analysis is correct.

V.     CLASS LIMITED TO PERSONS REQUESTING "RESIDENTIAL" COVERAGE

King's reply brief is submitted on behalf of the 16 persons who claim to be objectors.[10] As discussed above, King concedes that only 4 are actual objectors; his brief

---

[6] Plaintiffs' Motion For Final Approval (Docket Entry #131) at 9-10.
[7] *In re Mercedes-Benz Tele Aid Contract Litig.*, 267 F.R.D. 113, 135 (D.N.J. 2010)("After a thorough review of the case law in this and other circuits, the Court has been unable to find a single case in which a district court entertained a motion for reconsideration of an order certifying a class after a request for interlocutory review of that order pursuant to Rule 23(f) was denied. As an issue of first impression, the Court finds that motions for reconsideration are barred under such circumstances. To hold otherwise would allow litigants to, at least in theory, receive relief from a district court that has already been denied by a court of appeals.").
[8] Plaintiffs' Motion For Final Approval (Docket Entry #131) at 2-3.
[9] *Id*. at 2-3.
[10] King Reply Br. (Docket Entry #135) at 1.

only argues on behalf of three: E.L.[11] (whom he has since withdrawn[12]), M.R.[13] and J.S.[14] Everything King has filed relies on his theory that the objectors (and, by inference, others) *didn't* request coverage for residential services. "And on a question like that, the proof of the pudding is always in the eating,"[15] which in this case is the UBH data. As part of its data pull used to identify class membership, UBH limited its search to persons who submitted claims for coverage for "residential treatment," which was defined as "the level of care for which the provider and/or subscriber sought coverage, as provided by the requestor to UBH and logged by UBH into [its database] Lynx."[16]

Below are two printouts from UBH's database. The first reflects objector J.S.'s request for coverage. The second reflects M.R.'s request for coverage. (Plaintiffs have added the highlights to the original documents for emphasis.) "LOC" means "Level Of Care;" "MH RTC" means "Mental Health Residential Treatment Center." *The documents establish that objector J.S. and objector M.R. both requested coverage for <u>residential services</u>.* This destroys the premise supporting the King objection, which argues that neither requested coverage for "residential" services.

---

[11] *Id.* at 5.
[12] Docket Entries #141-42.
[13] King Reply Br. (Docket Entry #135) at 5-6.
[14] *Id.*
[15] *Lin Zhong v. United States DOJ*, 489 F.3d 126, 133 (2nd Cir. 2007).
[16] Docket Entry # 68, at ¶ 7d; ¶ 8i (same).

BH Case Notes for [PHI]                                                                                                  Page 87 of 260

**Contact Summary:** | |Inbound call from Facility regarding MH. Caller was Authenticated. Member eligibility status: Active. |Calling regarding: Authorization for RTC. |Verified the following OON Providers: Evoke At Entrada Llc
(435) 674-9310
2711 Santa Clara Dr
Santa Clara, UT, 84765
WASHINGTON (County)
TIN: 201596097

. Transferred caller to Employer Region West (AK,AZ,CA,CO,HI,ID,MT,NM,NV,OR,TX,UT,WA,WY) A&T Provider.

## Peer / Admin Review

CREATED BY:
Cheryl Gregory
cwatso12
10/15/2020 05:11 PM CDT

MEMBER
NAME: PHI
GENDER: F   AGE: 15   DOB: PHI

### Peer Review

| | |
|---|---|
| Review Type: | Administrative Only |
| Provider Response: | Accepted |
| Review Date/Time: | 10/15/2020 05:56 PM EDT |
| Review Period: | Initial |
| Primary Reason for P2P: | Request for services considered experimental |
| Consumer Location: | Psych/CD Unit (already admitted) |
| Peer Reviewer: | cwatso12 |
| Review by External Reviewer? | No |
| Reason for Ext Review: | |
| Ext Reviewer Name: | |
| Ext Reviewer Affiliation: | |
| OH Reviewer Sign-Off: | |
| Ext Rev Outcome: | |

### Provider

| | |
|---|---|
| Clinician/Group Name: | Mandy @ Evoke At Entrada Llc |
| Clinician/Grp Phone: | (435) 674-9310 EXT |
| Clinician Degree: | |
| Facility Name: | Evoke At Entrada Llc |

### Request/Review

| | |
|---|---|
| LOC: | Residential |
| Request Received: | 10/15/2020 |
| Requested Start Date: | 10/15/2020 |
| Requested End Date: | 10/15/2020 |
| Req. # Days/Sessions: | 0 |

### Diagnosis

| | |
|---|---|
| Primary Dx: | F33.2-Major depressive d/o, Recurrent episode, Severe  R/O: No |
| Additional Dx: | F43.10-Posttraumatic stress d/o  R/O: No |
| Additional Dx: | R/O: No |
| Additional Dx: | R/O: No |
| Additional Dx: | R/O: No |
| Additional Dx: | R/O: No |
| Medical Dx: | |
| Psychosocial Stressors: | |
| Functional Impairment Current GAF: | 0 |
| Highest GAF Past Year: | 0 |

### Assessment

**Case Summary of Peer/Admin Review:** On Thursday October 15, 2020 the provider from Evoke at Entrada called to request authorization for the Mental Health Inpatient Residential level of care. Member has been at the facility since 08/20/20 for Major Depressive Disorder and Post Traumatic Stress Disorder after an Acute Inpatient Mental Health admission. Prior-authorization was requested on 08/20/20 and advised of clinical denial due to non-covered svc including, but not limited to, unproven or experimental tx.

**Decision and Rationale:** Clinical denial. CA unable to authorize due to Non-Covered Svc Including, but Not Limited to, Unproven or Experimental Tx.

**Directions for Continued Care Advocacy:** Member can obtain residential treatment at a facility with covered proven services.

Confidential Health Information                                                                                                     UHG000039202

BH Case Notes for: PHI
Date Record Rec'd: 10/27/2017
Days/Sessions Req'd: 66
Dates of Svc Rev'd: 5.26-7.31.17

Page 13 of 42

**Clinical Summary of Case:** Retrospective Clinical Coverage Review Unit
Review Based on Medical Record / Linx / Claim Information

ORS:
FLN: PHI

Claims requested review of dos: 5/26/2017 to 7/31/2016 for 66 units/days, rev code/HCPCS: 1001
Attending MD: none indicated
Benefit Plan: Level of Care Guidelines
Admitting diagnosis: asd, odd, maj dep, parent/child relational problem, adhd, executive functioning deficits
Clinical Review Summary:
Background/precipitating event: There is no formal admission statement in the record. Detailed admitting info is taken from a psych testing report p 52 which states mbr was becoming too aggressive at home, resistent to being held accountable for actions, stealing, verbal abuse. Facility is a therapeutic wilderness facility providing treatment/activities in the context of outdoor wilderness.
Past six months treatment: unknown
Medical: none indicated
Course of treatment: The progress notes are unremarkable and reflect assigned topic/assignments and basic attendance. Mbr appears compliant and engaged. There is no evidence of emotional/behavioral dyscontrol or other psychiatric risks.
Psych meds: vyanase 50mg

**CM's Assessment/Action Plan:** Based on a review of the available information, I am referring this coverage request for Medical Director level retrospective peer review, due to this service appearing to be experimental and therefore not covered.

**Reason for Lack of Pre-Authorization:** n/a
Outcome: Refer to Peer/Admin Review
Auth Eff Date:
Days/Sessions Auth'd: 0            Forwarded to Peer Review?   Yes
Auth Exp Date:                     Date Forwarded:             11/06/2017

## Peer / Admin Review

CREATED BY:
Kaizad Munshi, MD
kmunshi
11/07/2017 04:32 PM CST

MEMBER
NAME: PHI
GENDER: M    AGE: 14    DOB: PHI

### Peer Review

| | |
|---|---|
| Review Type: | Retrospective |
| Provider Response: | N/A |
| Review Date/Time: | 11/07/2017 04:30 PM EST |
| Review Period: | Post-Discharge |
| Primary Reason for P2P: | Request for services considered experimental |
| Consumer Location: | Home |
| Peer Reviewer: | kmunshi |

### Provider

| | |
|---|---|
| Clinician/Group Name: | Blue Ridge Therapeutic Wilderness |
| Clinician/Grp Phone: | |
| Clinician Degree: | |
| Facility Name: | |

### Request/Review

| | |
|---|---|
| LOC: | Residential |
| Request Received: | |
| Requested Start Date: | |
| Requested End Date: | |
| Req. # Days/Sessions: | 0 |

### Assessment

**Case Summary of Peer/Admin Review:** CASE SUMMARY:

CLINICAL GUIDELINE REVIEWED: Optum Behavioral Clinical Policies: Wilderness Therapy

DECISION TYPE: retrospective level of care review

INFORMATION USED IN THE DETERMINATION: facility records and electronic clinical records (Linx notes) sent for review to support the proposed service (Wilderness Therapy) billed as MH RTC for 5/26/17 to 7/31/17 (66 DOS) at Blue Ridge Therapeutic Wilderness. Member was a then 14 y/o male with h/o ASD, ODD depression, parent/child relational problem, ADHD, executive functioning deficits. I reviewed the CCR clinical summary from A Thomas below.

Specific Coverage Request: retrospective Wilderness Therapy (MH RTC) coverage from 5/26/17 to 7/31/17 (66 DOS).

There are lots of reasons why a wilderness therapy program might bill as a "residential" provider. Perhaps they thought it was the best descriptor of the program. Perhaps they were trying to evade a wilderness therapy exclusion in the plan. Perhaps it was strategic; they sought coverage for the more expensive program as the opener in a negotiation. But three things are certain: 1) J.S. and M.R. both requested coverage for residential services; 2) the parties reasonably relied on that initial request, as captured in the UBH database,[17] to determine class membership; and 3) and by *requesting coverage for residential services*, they are properly included in the class, which is limited to persons

> whose **requests for coverage** for mental health and substance abuse treatment services received at a licensed residential treatment center were denied in total based on its determination that a component of such services is considered experimental, investigational, or unproven.[18]

V.   **CONCLUSION**

The class is limited to persons "requesting" coverage for residential services. The objectors – who *requested* coverage for residential services – fit four-square in the middle of that definition. They are properly included in the class, as certified by this Court two years ago. Their objection is baseless. Consistent with the approval of 99% of the class, the Court should approve the settlement.

Dated: August 1, 2025.                    Respectfully submitted,

                                          */s/ Jordan Lewis*

---

[17] *Wooley v. Jackson Hewitt, Inc.,* 2011 U.S. Dist. LEXIS 44315, *13 (N.D. Ill. April 25, 2011)("Class membership must be ascertainable through objective criteria, with the determination made through ministerial review rather than arduous individual inquiry.")(internal quote marks and citations omitted).

[18] *R.B. v. United Behav. Health,* 2023 U.S. Dist. LEXIS 162918, *11-12 (N.D.N.Y. Sept. 14, 2023)(emphasis supplied).

**JORDAN LEWIS, P.A.**
Jordan Lewis (Fl. Bar No. 97997) *
4473 N.E. 11th Avenue
Fort Lauderdale, FL  33334
Telephone: (954) 616-8995
Facsimile: (954) 206-0374
Email:  Jordan@jml-lawfirm.com

Arthur M. Stock*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN**
800 S Gay Street - Suite 1100
Knoxville, TN 37929
215-875-5704
Fax: 215-875-4604
Email: astock@milberg.com

* Admitted *pro hac vice*

*Attorneys For Plaintiff and the Certified Class*

**CERTIFICATE OF SERVICE**

I certify that on August 1, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on the following counsel of record via transmission of Notices of Electronic Filing by CM/ECF:

    Geoffrey M. Sigler
    Clare F. Steinberg
    GIBSON, DUNN & CRUTCHER, LLP
    1050 Connecticut Avenue N.W.
    Washington, D.C. 20036
    gsigler@gibsondunn.com
    csteinberg@gibsondunn.com

    James A. Tsouvalas
    GIBSON, DUNN & CRUTCHER, LLP
    333 South Grand Avenue
    Los Angeles, CA 90071
    jtsouvalas@gibsondunn.com

    Brian King
    BRIAN S. KING, P.C.
    420 East South Temple
    Suite 420
    Salt Lake City, UT 84111
    brian@briansking.com

                                            */s/ Jordan Lewis*