**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**R.B.,** *individually,*
*and on behalf of all those similarly situated,*

                                **Plaintiffs,**

      vs.

**UNITED BEHAVIORAL HEALTH,**

                                **Defendant.**

**1:21-CV-553**
**(MAD/PJE)**

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **JORDAN LEWIS, P.A.** | **JORDAN LEWIS, ESQ.** |
| 4473 N.E. 11th Avenue | |
| Fort Lauderdale, Florida 33334 | |
| Attorney for Plaintiffs | |
| | |
| **MILBERG COLEMAN BRYSON** | **ARTHUR M. STOCK, ESQ.** |
| **PHILLIPS GROSSMAN** | **LELAND H. BELEW, ESQ.** |
| 800 S Gay Street – Suite 1100 | **RANDI A. KASSAN, ESQ.** |
| 1100 Knoxville, Tennessee 37929 | **RYAN P. MCMILLAN, ESQ.** |
| Attorneys for Plaintiffs | |
| | |
| **GIBSON, DUNN & CRUTCHER, LLP** | **GEOFFREY M. SIGLER, ESQ.** |
| 1050 Connecticut Avenue N.W. | **CLARE F. STEINBERG, ESQ.** |
| Washington, D.C. 20036 | **JAMES A. TSOUVLAS, ESQ.** |
| Attorneys for Defendant | |
| | |
| **DEROHANNESIAN & DEROHANNESIAN** | **PAUL DEROHANNESIAN, II, ESQ.** |
| 159 Wolf Road – Suite 305 | |
| Albany, New York 12205 | |
| Attorney for Defendant | |
| | |
| **BRIAN S. KING, P.C.** | **BRIAN KING, ESQ.** |
| 420 East South Temple | |
| Suite 420 | |
| Salt Lake City, Utah 84111 | |
| Attorney for Objectors | |

**Mae A. D'Agostino, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

On May 12, 2021, Plaintiff R.B.[1] brought this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), and the Mental Health Parity and Addiction Equity Act of 2008 codified at 29 U.S.C. § 1185a ("Parity Act") against Defendant United Behavioral Health ("UBH" or "Defendant").  Dkt. No. 1 ("Compl.").  On behalf of the class, Plaintiff challenged UBH's alleged practice of excluding from insurance coverage all mental health and substance abuse treatment services rendered at residential treatment centers where any component of the center's programming is considered "unproven, experimental, or investigational," and sought class certification.  Compl. at ¶ 1; Dkt. No. 70. UBH opposed the motion for class certification.  Dkt. No. 85.

On September 15, 2023, the Honorable David N. Hurd, United States District Judge for the Northern District of New York, issued an Order granting class certification over UBH's objection.  Dkt. No. 97.  UBH petitioned the Second Circuit for a review of Judge Hurd's certification pursuant to Rule 23(f), which was subsequently denied.  Dkt. No. 100.  The parties then began settlement discussions.  *See* Dkt. Nos. 105–108, 110.  R. B. filed a motion for final approval of the settlement agreement with UBH.  Dkt. No. 131.

A group of approximately twenty purported class members (the "King Objectors") opposed the class settlement on the theory that their claims had not been adequately represented by Plaintiff R.B. or class counsel.  Dkt. No. 126.  They filed a motion to appoint class counsel, Dkt. No. 136, which this Court denied on March 4, 2026, Dkt. No. 169.  After their motion was

---

[1] On January 9, 2023, the parties stipulated that this action may proceed using pseudonyms for Plaintiff and his family members.  Dkt. No. 76.

denied, on March 19, 2026, the King Objectors stipulated to the withdrawal of the their objections and reclassified attorneys' fees.  Dkt. No. 172.

Before the Court is Plaintiffs' now unopposed motion for final approval of the settlement agreement and motion for attorneys' fees and costs.  Dkt. Nos. 115, 131.  For the reasons that follow, the Court grants the motions in their entirety.

## II. BACKGROUND

The Court assumes familiarity with the facts of the case.  For a full recitation of the facts, the parties are referred to this Court's decisions granting the motion to certify the class and denying the motion to appoint additional class counsel.  Dkt. Nos. 97, 169.

## III. DISCUSSION

### A.  Motion for Final Approval of the Class Settlement Agreement

After reviewing the documents filed in preparation for this motion, the Court makes the following findings:

1. In the Preliminary Approval Order, the Court approved the form and content of the Notice of Proposed Class Action Settlement and Fairness Hearing ("Notice") directed to Class Members.

2. In December 2024, Defendant mailed the Class Action Fairness Act Notices ("CAFA Notices"), previously approved by the Court, to the appropriate federal official and state official of each state in which a Class Member resides.

3. On February 13, 2025, the Settlement Administrator caused the Notice to be mailed to all Class Members, which informed Class Members of the terms of the Settlement Agreement and that the Court would consider the following issues at a Fairness Hearing: (i) whether to approve the Final Approval Motion

and grant final approval to the Settlement and Plan of Allocation as fair, reasonable, and adequate; (ii) whether to grant the Fee Motion and determine the amount of attorneys' fees, costs, and expenses, if any, to be awarded to Class Counsel, and the amount, if any, of the incentive award to the Named Plaintiff; and (iii) any objections by Class Members to any of the above that were timely and properly served in accordance with the Preliminary Approval Order.  On May 7, 2025, in support of the Final Approval Motion, the Settlement Administrator filed with the Court proof of mailing of the Notice to all members of the Class.

4.  An objection to the proposed Settlement was filed on April 2, 2025 (Dkt. No. 121) on behalf of two related objectors.  On April 30, 2025, this objection was withdrawn.  Dkt. No. 130.

5.  A second objection was filed on April 18, 2025 (Dkt. No. 126) on behalf of a group of Objectors, only four of whom are Class Members.  This second group of objectors withdrew their objections on March 18, 2026, after Plaintiff and the certified class, Defendant, and the objectors reached an agreement to resolve all of the pending objections.  Dkt. Nos. 171, 172.

6.  The Settlement Agreement's plan of allocation provides for three settlement tiers for purposes of monetary benefit allocation: Wilderness, Multiple, and Experimental.  Dkt. No. 112-2 at 54.

7.  338 class members out of 350 were located for notice.  Under the terms of the Settlement Agreement, the anticipated plan of allocation is subject to modification by written agreement of the parties.  Dkt. No. 112-2 at 14, 54.  A

few class members were reclassified in response to objections.  The final class breakdown by settlement tier is as follows: 279 class members in the Wilderness tier; 3 class members who have two wilderness claims; 47 class members in the Multiple tier; and 9 class members in the Experimental tier.

8.  Class members in the Wilderness tier will receive approximately $936.72; class members who have two wilderness claims will receive approximately $1,873.44; class members in the Multiple tier will receive approximately $9,367.20; and class members in the Experimental tier will receive approximately $18,734.40.

9.  In accordance with the Notice, a Fairness Hearing was held on March 30, 2026.

The Court having entered the Preliminary Approval Order (Dkt. No. 113), having heard arguments in support of the Final Approval Motion and the Fee Motion, having reviewed all of the evidence, including the reaction of the Class, and the record of all proceedings in this case, and having made the foregoing findings,

It is hereby ORDERED, ADJUDGED, AND DECREED that:

1.  The Court has jurisdiction over the subject matter and personal jurisdiction over the parties to the Action, including the Class Members.

2.  The Settlement Agreement and all of its exhibits (as filed with the Court) are incorporated in this Final Order and Judgment, including the definitions and terms set forth in the Settlement Agreement.

3.  The Class previously certified by the Court is defined as:

> All persons covered under ERISA-governed health

> care plans, administered or insured by United
> Behavioral Health, whose requests for coverage for
> mental health and substance abuse treatment services
> received at a licensed residential treatment center
> were denied in total based on its determination that a
> component of such services is considered
> experimental, investigational, or unproven.

Dkt No. 97 at 13.  The Class is limited to the Class Period set forth in Plaintiff's
Complaint (Dkt. No 1 at 8); *see also* Dkt. No 97 (class certification order).

4. Notice to Class Members has been given in an adequate and sufficient manner and
the Notice given constitutes the best notice practicable under the circumstances,
and was reasonably calculated to apprise interested parties of the pendency of the
Action, the nature of the claims, the definition of the Class, and their opportunity
to present objections to the Settlement.  The Notice program complied in all
respects with the requirements of the Federal Rules of Civil Procedure, the United
States Constitution (including the Due Process Clause), and the rules of this Court.

5. The Defendant satisfied the requirements of CAFA pursuant to 28 U.S.C. § 1715.

6. The amount of the Settlement, $1,415,000, is fair, reasonable, and adequate.  The
Settlement amount is within the range of reasonable settlements that would have
been appropriate in this case, based on the nature of the claims, the potential
recovery, the risks of litigation, and settlements that have been approved in other
similar cases.

7. The Named Plaintiff has actively and independently participated in the Class
Action.

8. The Named Plaintiff and Class Counsel have concluded that the Settlement
Agreement is fair, reasonable and adequate.

9. Members of the Class were given the opportunity to object to the Settlement, and two sets of individuals did so in a timely fashion.  All objections to the Settlement were resolved and withdrawn before the Fairness Hearing.  Dkt Nos. 130, 171, 172.

10. The Court approves the Settlement Agreement and Plan of Allocation in all respects as fair, reasonable, adequate, and in the best interests of the Class pursuant to Rule 23(e).

11. The Settlement was not a product of fraud or collusion, and the Court finds it to be fair, reasonable, and adequate under Rule 23(e)(2).  The Court finds that: (A) the Named Plaintiff and Class Counsel have adequately represented the Class; (B) the Settlement was negotiated at arm's length; (C) the relief provided for the Class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class-member claims, and (iii) the terms of the proposed award of attorneys' fees, including timing of payment; and (D) the Settlement treats Class Members equitably relative to each other.  *See* FED. R. CIV. P. RULE 23(e)(2).

12. The Court also finds the Settlement fair, reasonable, and adequate under the factors set out in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000): (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the Class to the Settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability: (5) the risks

of establishing damages; (6) the risks of maintaining the Class through the trial; (7) the ability of Defendant to withstand a greater judgment; (8) the range of reasonableness of the Settlement Fund in light of the best possible recovery; and (9) the range of reasonableness of the Settlement Fund to a possible recovery in light of all the attendant risks of litigation. *Grinnell Corp.*, 495 F.2d at 463.

13. The terms of the Settlement Agreement, including all exhibits to the Settlement Agreement and to this Final Order and Judgment, shall be forever binding on the Class.

14. Neither the Settlement, this Final Order and Judgment, any papers related to the Settlement, nor the fact of Settlement shall be used as a finding or conclusion of the Court, or an admission by Defendant, of any fault, wrongdoing, or liability whatsoever.

15. The parties and the Settlement Administrator shall carry out all the terms of the Settlement Agreement, including distribution of the Settlement Fund in accordance with the Plan of Allocation to Class Members, and the release provisions in the Settlement Agreement in accordance with the terms of the Settlement Agreement.

16. Defendant shall have no liability or responsibility for any payments, fees, or costs under this Final Order and Judgment or the Settlement aside from payment of the Settlement Amount. Under no circumstances shall Defendant be required to pay any amounts in furtherance of this Settlement, this Final Order and Judgment, and the administration of the Settlement other than the payment of the Settlement Amount.

17. Releases:

    a.  Class Members and each of their respective heirs, executors, administrators, predecessors, successors, insurers, representatives, and assigns fully, final, and forever release, relinquish, and discharge all Released Persons (defined in Section 1.18 of the Settlement Agreement) from any and all "Released Claims." (*See* Sections 11.1 & 11.2 of Settlement Agreement).  "Released Claims" are defined in Section 1.17 of the Settlement Agreement as:

> [A]ny and all actions, causes of actions, claims, and demands that are, were, or could have been asserted by Named Plaintiff or any Class Member in the Action during the Class Period, regardless of legal theory, known or unknown, concerning any claims arising out of or related to a denial of coverage (including any pre or post-service denial, initially or on appeal) by any Released Persons for mental health or substance abuse treatment received at a residential treatment or wilderness program, based in whole or in part on a determination that the treatment or a component of the treatment was experimental, unproven or investigatory.

    b.  Any available relief to a Class Member under this Settlement Agreement is the exclusive remedy for any and all Released Claims, regardless of whether a Class Member actually obtains any Monetary Benefit. (*See* Section 11.3 of the Settlement Agreement).

18. Class Members are barred and permanently enjoined from prosecuting any and all Released Claims against Defendant or any of the Released Persons.  Class Members are also permanently enjoined from filing, continuing to prosecute, or becoming part of any action, including, without limitation, any putative

9

class actions, filed against the Released Persons or any other person or entity, and that relate to the subject matter of the Action, insofar as those actions implicate any of the Released Claims or otherwise interfere with the Settlement Agreement or the settlement of the claims in this action generally.

19. Nothing in this Final Order and Judgment or the Settlement shall preclude any action to enforce the terms of the Settlement Agreement.

20. Without affecting the finality of this Final Order and Judgment in any way, this Court will retain exclusive continuing jurisdiction over all parties and Class Members with regard to implementation of the Settlement, disposition of the Settlement Fund, and enforcement and administration of this Settlement.  The Court may order any appropriate legal or equitable remedy necessary to enforce the terms of this Final Order and Judgment and/or the Settlement.

21. Accordingly, the Complaint is dismissed with prejudice and without costs (except as otherwise provided herein).

**B.  Motion for Final Approval of Attorneys' Fees and Costs**

After reviewing the documents filed in preparation for this motion, the Court makes the following findings:

1.  By Order of September 14, 2023, the Court certified a Class, and appointed as Class Counsel. Jordan Lewis, P.A., and Milberg Coleman Bryson Phillips Grossman, PLLC.

2.  The Settlement establishes a common fund of $1,415,000.

3.  Litigation of this Action required counsel highly trained in class action law and procedure as well as the specialized issues presented here.  Class Counsel

possess these attributes, and their participation added immense value to the representation of this large Settlement Class. The record demonstrates that the Action involved a broad range of complex and novel challenges that Class Counsel met at every juncture.

4. The claims and defenses are complex and litigating them is both difficult and time consuming. Although this case was litigated for three years, recovery by any means other than settlement would likely have required additional years of litigation.

5. In undertaking to prosecute this complex case entirely on a contingent fee basis, Class Counsel assumed a significant risk of nonpayment or underpayment. That risk warrants an appropriate fee.

6. Class Counsel spent years developing the theories underlying the claims in the instant Action through their efforts in litigating (with both success and failure) many other cases. These efforts certainly accrued to the benefit of Plaintiffs and the Settlement Class. In addition, Class Counsel engaged in extensive investigation, completed a significant amount of discovery, moved for class certification, responded Defendant's Motion for Interlocutory Appeal.

7. No objections have been filed to the Motion for Awards of Attorneys' Fees, Attorneys' Expenses, and Service Award to Plaintiff.

8. Finally, an award of one third of the Settlement Fund is consistent with similar settlements in the Second Circuit and other fee awards in similar class action settlements that have been finally approved throughout the country.

9. The Court has reviewed the collective lodestar for Class Counsel and has determined that an award of $471,667 is reasonable, and will not fully compensate Counsel at their customary rates.

10. Therefore, Class Counsel is hereby awarded $471,667 in attorneys' fees, which is roughly 33.33% of the $1,415,000 value of the settlement.

11. Further, the Court finds that Class Counsel's request for reimbursement of $31,994 in expenses to be reasonable and that the expenses were necessarily incurred in furtherance of the Action. The attorneys' fee and expense amounts are approved.

12. The Court finds that Class Counsel's request for Class Representative's service award, to be paid to Plaintiff R.B., is appropriate in light of his extraordinary contributions to the outcome of this litigation, including initiating the case, responding to discovery requests, testifying at deposition, working with Counsel throughout the settlement process, and traveling to, and participating in, a full day of mediation. A service award in the amount of $15,000 is approved.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that the Complaint (Dkt. No. 1) is **DISMISSED with prejudice** and without fees or costs to any Party except as provided in this Final Approval Order and Judgment; and the Court further

**ORDERS** that the motion for final approval of attorneys' fees & costs (Dkt. No. 115) is **GRANTED**; and the Court further

**ORDERS** that the motion for final approval of the class settlement agreement (Dkt. No. 131) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules

**IT IS SO ORDERED.**

Dated: March 30, 2026
        Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

13